IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOCCARA FIGURES, on behalf of her unborn child Junian Johnson Jr., <br><br> Plaintiff, <br><br> vs. <br><br> COREY J. DONAHUE, #2459; SAMANTHA CASEY, #2417; and JORDAN P. JEFFERY, #2461, <br><br> Defendants. | 8:22CV2 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff brings this action on behalf of her deceased, unborn child. Plaintiff alleges she was falsely arrested on May 10, 2021, and "roughed up" by the arresting officers while she was pregnant.

## III. ANALYSIS

Liberally construing the allegations of Plaintiff's Complaint, this is intended as a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff cannot bring a § 1983 action on behalf of her unborn child. The word "person," as used in the Fourteenth Amendment, does not include the unborn. *Roe v. Wade*, 410 U.S. 113, 158 (1973). Also, non-attorney parents cannot litigate pro se on behalf of their minor children, even if the minors cannot then bring the claim themselves. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020). Plaintiff can only seek to recover damages for the violation of her own constitutional rights.

Plaintiff alleges she fell asleep in her vehicle and was awakened by police, who pulled her out of the car and arrested her for driving under the influence even though she was not drinking or intoxicated. "Police officers violate the Fourth Amendment when they conduct an arrest without a warrant or probable cause." *Waters v. Madson*, 921 F.3d 725, 736 (8th Cir. 2019).

Plaintiff alleges she was "roughed up" and had her hair pulled by one of the officers. The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment. *Small v. McCrystal*, 708 F.3d 997, 1005 (8th Cir. 2013). However, not every push or shove violates the Fourth Amendment.

*Graham v. Connor,* 490 U.S. 386, 396 (1989). The test as to whether force is excessive examines whether the officer's actions were objectively reasonable in light of the facts and circumstances the officer was facing. *Id.*; *Rohrbough v. Hall,* 586 F.3d 582, 586 (8th Cir. 2009).

Plaintiff also appears to claim she was treated differently because of her race. The constitutional basis for objecting to intentionally discriminatory application of laws is the Fourteenth Amendment's Equal Protection Clause. *Johnson v. Crooks,* 326 F.3d 995, 999 (8th Cir.2003). When the claim is selective enforcement of the traffic laws or a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose. *Llanes v. Barton*, No. 4:06CV3155, 2007 WL 4287524, at *5 (D. Neb. Dec. 4, 2007).

If Plaintiff wishes to pursue these or other claims on her own behalf under 42 U.S.C. § 1983, she will need to file an amended complaint and set forth additional facts from which it may reasonably be inferred that her constitutional rights were violated by the defendants. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017); *see Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (complaint was properly dismissed because plaintiff failed to allege facts supporting any individual defendant's personal involvement or responsibility for violations); *see also Iqbal*, 556 U.S. at 679 (plaintiff must plead factual content that allows court to draw reasonable inference that defendant is liable for alleged misconduct).

If Plaintiff does not specify that the defendants are sued in their individual capacities, it must be presumed that they are sued only in their official capacities. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). A suit against a public employee in his or her official capacity is merely a suit against the public employer. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To prevail on an official-capacity claim under § 1983, a plaintiff must show that the alleged constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to

establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

## IV. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal for failure to state a claim upon which relief may be granted. However, on the court's own motion, Plaintiff will be granted leave to amend and will be provided with a standard form complaint designed for a § 1983 action.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February 10, 2022—amended complaint due**.

5. The Clerk of the Court is further directed to provide Plaintiff with a copy of the standard form (Pro Se 15) "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)." Plaintiff is strongly encouraged to use this form in drafting an amended complaint, and to follow its instructions carefully.

6. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 11th day of January 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge